**Anh V. VO, Plaintiff–Appellant,**

v.

**COMMISSIONER OF the SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.**

No. 05–36236.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 2007.

Filed June 7, 2007.

John Schochet, Esq., Dorsey & Whitney, LLP, Seattle, WA, Michael B. King, Esq., Talmadge Law Group, PLLC, Tukwila, WA, for Plaintiff–Appellant.

Anh V. Vo, Lynnwood, WA, pro se.

Liva Jamala Edwards, Esq., SSA—Social Security Administration, Office of the General Counsel, Brian C. Kipnis, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before: HUG, McKEOWN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

The Social Security Commissioner denied Appellant Ahn Vo's application for disability benefits. Vo seeks review alleging that the Administrative Law Judge's ("ALJ") finding of "not disabled" is not supported by substantial evidence because the ALJ erred in discrediting Vo's pain testimony. We now reverse and remand for an award of benefits.

■ We hold that the ALJ did not provide clear and convincing reasons to reject Vo's subjective pain testimony, *see Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir.2004), and therefore, the Commissioner's decision to deny benefits is not supported by substantial evidence. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir.2006).

■ We hold that the second hypothetical posed by the ALJ more closely resembles Vo's limitations but that the hypothetical is legally flawed because it failed to take into account Vo's subjective pain testimony. *See id.* The second hypothetical stated the following: "This individual can lift a maximum of five pounds. This individual is limited to standing or walking for one half hour during the course of a workday. This individual is limited to sitting for two hours during the course of the workday. And has limitations with reaching, fingering, pushing, pulling, and handling, but no limitations in feeling, seeing, hearing, and speaking. This individual can never climb, balance, stoop, crouch, kneel, or crawl, and has environmental limitations which would preclude working at heights, vibration, or moving machinery."

Although the ALJ posed an additional question adding a further limitation to hypothetical two, even the augmented hypothetical did not accurately describe Vo's limitations. After the Vocational Expert ("VE") opined that Vo could be a cashier clerk, office clerk, or call-out operator, the ALJ asked, "would they be able to accommodate an individual who needed to lay down once or twice a day for maybe 45 minutes or an hour?" The VE responded, "The reason I selected the call-out operator is that they work four hours sitting, standing intermittently, and then they may take four hours off." The VE's response does not accurately portray Vo's pain limitations because, according to Vo's testimony, Vo is unable to sit and stand for four consecutive hours.[1]

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The ALJ also mis-characterizes Vo's testimony about attending community college classes. Vo is not able to engage in a "normal day" when he misses classes at least once

■ We reverse and remand for an award of benefits. *See Smolen v. Chater,* 80 F.3d 1273, 1292 (9th Cir.1996). We hold that the *Smolen* criteria for an immediate award of benefits are fulfilled. *See id.* ("(1) the ALJ has failed to provide legally sufficient reasons for rejecting" Vo's testimony, "(2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited").

**REVERSE** and **REMAND** for an award of benefits.

a week because of pain, requires extra time to complete an exam because of his pain limitations, and must lie down for one to three hours after returning from classes.